UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ELIZABETH JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:26-cv-00055-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JENKINS INDEPENDENT SCHOOL | ) | **&** |
| DISTRICT, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Elizabeth Jones' Motion for Temporary Restraining Order and Motion for Preliminary Injunction. [R. 2]. Because Jones fails to satisfy the requirements of Federal Rule of Civil Procedure 65, her request for a Temporary Restraining Order is **DENIED**. The Court will continue analysis of Plaintiff's Motion for Preliminary Injunction after a scheduling conference has been held and additional briefing has been filed.

**I**

Plaintiff Elizabeth Jones is a resident of Letcher County, Kentucky. [R. 1 at 3]. Her children attend public schools in the Jenkins Independent School District (JSID). *Id.* As a mother, Jones regularly attended school-sponsored events that involved her children including athletic events, ceremonies, and other school events. *Id.* Like many Americans, Jones regularly posts on social media. Jones states that she engages in "lawful, protected speech on matters of public concern" including "criticism of national and local elected officials, advocacy for students and parents, and public commentary protected by the First Amendment of the United States Constitution." [R. 2-2 at 2].

On December 15, 2025, Jones received a visit from two JSID employees at her home. Defendants Alisha Congleton, a school resource officer, and Assistant Superintendent Rondall Baker delivered a letter to Jones. This letter, drafted by Defendant Timothy Crawford, banned Jones from entering "any and all properties owned or leased by this school district and from attending "any and all activities sponsored for or by this school district." [R. 1 at 4]; [R. 1-1 at 2]. The letter further warns that if Jones is "present on any property owned or leased by this school district," JSID will have her "removed by law enforcement and the school district will seek criminal trespass charges against you." [R. 1-1 at 2]. Crawford justified this ban based on "multiple posts on social media of students participating in extracurricular activities which appear to be harassment and which have caused disruptions of the educational process in this school district." *Id.*

On January 5, 2026, Jones filed her complaint in the Eastern District of Kentucky. Her complaint alleges six counts including claims of First Amendment retaliation, procedural and substantive due process violations, and municipal liability, all under 42 U.S.C. § 1983. [R. 1]. Jones also seeks declaratory and injunctive relief against the defendants. *Id.*

On the same day, Jones filed a motion for a Temporary Restraining Order. [R. 2]. In support of her motion, Jones argues that she "continues to be excluded from her children's school events and remains subject to the threat of arrest and prosecution." [R. 2-1 at 10]. Jones further argues that because "Defendants have provided Plaintiff with no mechanism by which the ban may be reviewed, modified, or rescinded," the ban is de facto indefinite and that monetary damages cannot remedy these harms. *Id.* Counsel provides a signed declaration by Jones indicating that she "understand[s] that my attorney provided advance notice by electronic mail to counsel for [JISD] of the intent to seek emergency injunctive relief prior to filing the Motion for

2

Temporary Restraining Order." [R. 2-2 at 3]. The question of whether to issue a temporary restraining order against the defendants is ready for review by this Court.

## II

Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders and preliminary injunctions.[1] The purpose of this Order is to review Jones' motion for a temporary restraining order. "A temporary restraining order is an extraordinary remedy designed for the limited purpose of preserving the status quo pending further proceedings on the merits." *Stein v. Thomas*, 672 Fed. App'x 565, 572 (6th Cir. 2016). It is considered a rare and extraordinary remedy because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Reed v. Cleveland Bd. of Educ.*, 581 F.2d 570, 573 (6th Cir. 1978). Rule 65 allows the Court to issue a TRO without notice to the other party only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The harm must be "so immediate" that relief is necessary before a preliminary injunction hearing can occur. *See Branch Banking and Trust Co. v. Jones*, 5:18-cv-610-JMH, 2018 WL 10772684, at *2 (E.D. Ky. Nov. 19, 2018) (citing *Erard v. Johnson*, 905 F. Supp. 2d 782, 791 (E.D. Mich. 2012)).

Jones has not made the required showing that "immediate or irreparable injury" will occur before the Defendants have the opportunity to respond. Fed. R. Civ. P. 65(b)(1)(A). Further, Jones' counsel has not certified in writing any efforts made to give notice to the

---

[1] In addition to Jones' motion for a temporary restraining order, Jones requests the issuance of a preliminary injunction as part of her complaint. [R. 2; R. 1 at 25].

3

defendants, nor listed reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). Jones herself did submit a signed declaration asserting that her attorney provided notice to the Defendants. [R. 2-2 at 3]. But nowhere in the memorandum of support does Jones' counsel describe counsel's efforts to give notice, as required by the federal rules. Jones argues she "continues to be excluded from her children's school events and from public forums open to other parents," but it is not clear to the Court that this is an irreparable injury warranting the entry of a temporary restraining order where it is unclear whether the defendants received notice and where they have not made an appearance in this case. [R. 2-1 at 10]. Additionally, a temporary restraining order is just that: temporary. A temporary restraining order lasts only for fourteen (14) days, which expires unless the Court finds good cause to extend it or the opposing party consents to the extension. Fed. R. Civ. P. 65(b)(2). Any relief sought by Jones would be temporary, and associated filings justifying an extension of the order would burden the parties and the court and could delay resolution of Jones' preliminary injunction motion.

The Court will therefore deny Jones' motion for a temporary restraining order because she has not met the requirements of Rule 65 warranting the entry of such an order against the defendants. The Court will, however, order expedited briefing as to the preliminary injunction after the appearance of all defendants. At that time, the Court will determine whether a hearing, and limited expedited discovery, is appropriate. As such, this denial of Jones' motion for a temporary restraining order does not disturb Jones' outstanding prayer for relief in the form of a preliminary injunction. [R. 1 at 25–29].

## III

Accordingly, and the Court being so advised, it is hereby **ORDERED** that Plaintiff Jones' motion for a temporary restraining order **[R. 2]** is **DENIED**.

This 12th day of January, 2026.

Gregory F. Van Tatenhove
United States District Judge